IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00969-JLK-GJR

ANDREW R. NEWMAN,

       Plaintiff,

v.

ED BOZARTH CHEVROLET COMPANY, INC., and
ED BOZARTH CHEVROLET PONTIAC & BUICK, INC.,

       Defendants.

---

## REPORT AND RECOMMENDATION

---

Defendants Ed Bozarth Chevrolet Company, Inc. ("Aurora Bozarth") and Ed Bozarth Chevrolet Pontiac & Buick, Inc. ("Grand Junction Bozarth"), through their attorneys Brownstein Hyatt Farber Schreck, P.C. and pursuant to Fed. R. Civ. P. 12(b)(6), have moved to dismiss Plaintiff's claims and to dismiss Grand Junction Bozarth as a Defendant.

The motion to dismiss has been referred to the undersigned by Order of Reference entered by Senior Judge John L. Kane on June 7, 2007.

For the reasons stated below, the undersigned recommends that the motion to dismiss, filed with the court on May 17, 2007,  be denied as moot.

### PROCEDURAL HISTORY

On March 28, 2007  the Plaintiff Andrew R. Newman filed  a class action complaint in the District Court, Mesa County, Colorado against the Defendants Ed Bozarth Chevrolet

Company, Inc. (Aurora Bozarth) and Ed Bozarth Chevrolet Pontiac & Buick, Inc. (Grand Junction Bozarth). The complaint alleges that the Defendants charged Plaintiff and other similarly situated members of the plaintiff class an illegal fee for preparing legal documents necessary to effectuate the sale of a motor vehicle and in so doing engaged in the unauthorized practice of law.

On May 10, 2007 Defendants removed the case to federal court  pursuant to 28 U.S.C. 1331.

On May 17, 2007 Defendants filed a motion to dismiss the complaint in its entirety and to dismiss Grand Junction Bozarth.

On June 7, 2007 Plaintiff, concurrent with the filing of his response to the motion to dismiss, moved to amend the complaint "to correct an apparent inconsistency in the statements made concerning the delivery and handling fee charged in connection with the sale of automobiles."  (motion to amend complaint - page 1).  The Plaintiff filed his first amended complaint with the Court as an exhibit to the motion to amend complaint.

The Court granted the motion to amend the complaint on June 22, 2007.

On July 9, 2007 the Defendants filed an answer to the first amended complaint as to Plaintiff's first claim for relief and moved to dismiss the second, third and fourth claims of the first amended complaint, as alleged in paragraphs 44 through 69 of the first amended complaint, and to dismiss Grand Junction Bozarth as a Defendant.

## FINDINGS AND CONCLUSIONS

The Defendants' motion to dismiss, filed on May 17, 2007 (Doc 4), seeks dismissal of the original complaint. The Plaintiff's first amended complaint supersedes the original complaint. The Defendants have answered the first amended complaint as to the first claim for relief.  The Defendants have moved to dismiss the second, third and fourth claims for relief of the first amended complaint and to dismiss Grand Junction Bozarth.  Resolution of the motion to dismiss the second, third and fourth claims for relief of the first amended complaint and to dismiss Grand Junction Bozarth, filed by the Defendants on July 9, 2007 (Doc 7), will resolve all issues raised by the Defendants in their original motion to dismiss.

## RECOMMENDATION

For the above reasons, it is recommended that the Defendants' motion to dismiss filed with the Court on May 17, 2007 (Doc 4) be denied as moot.

**Within ten (10) days after being served with a copy of the Proposed Findings and Recommendation, a party may serve and file written objections to the Proposed Findings and Recommendation with the Clerk of the United States District Court for the District of Colorado.  The District Court Judge shall make a *de novo* determination of those portions of the proposed findings or specified recommendation to which objection is made.  The District Court Judge may accept, reject, or modify, in whole or in part, the Proposed Findings and Recommendations made by the Magistrate Judge.  The Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.**

**Failure to make timely objections to the Magistrate Judge's recommendation may result in a waiver of the right to appeal from a judgment of the District Court based on the findings and recommendations of the Magistrate Judge.**

DATED this 21st day of September, 2007.

BY THE COURT:

s/ Gudrun J. Rice

Gudrun J. Rice
United States Magistrate Judge