IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gudrun J. Rice

Civil Action No. 07-cv-00969-JLK-GJR

ANDREW R. NEWMAN,

    Plaintiff,

v.

ED BOZARTH CHEVROLET COMPANY, INC., and
ED BOZARTH CHEVROLET PONTIAC & BUICK, INC.,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on a June 7, 2007 Order of Reference by Senior District Judge John L. Kane.

The Defendants Ed Bozarth Chevrolet Company, Inc. ("Aurora Bozarth") and Ed Bozarth Chevrolet Pontiac & Buick, Inc. ("Grand Junction Bozarth"), through their attorneys Brownstein Hyatt Farber Schreck, P.C. and pursuant to Fed. R. Civ. P. 12 (b)(6), have moved to dismiss Plaintiff's second, third and fourth claims for relief, as set forth in Plaintiff's First Amended Complaint, and to dismiss Grand Junction Bozarth as a Defendant. [Doc. # 21]

For the reasons set forth below, I recommend that the Defendants' motion to dismiss the second, third and fourth claims for relief be **denied** and that the Defendants' motion to dismiss Grand Junction Bozarth be **granted.**

## I. PROCEDURAL HISTORY

On March 28, 2007 the Plaintiff Andrew R. Newman filed a class action complaint in the District Court, Mesa County, Colorado against the Defendants Ed Bozarth Chevrolet Company, Inc. ("Aurora Bozarth") and Ed Bozarth Chevrolet Pontiac & Buick, Inc. ("Grand Junction Bozarth"). The complaint alleges that the Defendants charged Plaintiff and other similarly situated members of the plaintiff class an illegal fee for preparing legal documents necessary to effectuate the sale of a motor vehicle and in so doing engaged in the unauthorized practice of law.

On May 10, 2007 Defendants removed the case to federal court pursuant to 28 U.S.C. §1331. [Doc. # 1]

On May 17, 2007 Defendants filed a motion to dismiss the complaint in its entirety and to dismiss Grand Junction Bozarth. [Doc. # 4]

On June 7, 2007 Plaintiff, concurrent with the filing of his response to the motion to dismiss, moved to amend the Complaint "to correct an apparent inconsistency in the statements made concerning the delivery and handling fee charged in connection with the sale of automobiles." [ Doc. # 7 at page 1] The Plaintiff filed the First Amended Complaint as an attachment to the motion to amend complaint. [Doc. # 7-2]

The motion to amend the complaint was granted on June 22, 2007. [Doc. # 18]

On July 9, 2007 the Defendants filed an Answer [Doc. # 22] to the First Amended Complaint as to Plaintiff's first claim for relief and moved to dismiss the second, third, and

fourth claims for relief of the First Amended Complaint, as alleged in paragraphs 44 through 69 of the First Amended Complaint, and to dismiss Grand Junction Bozarth as a Defendant. [Doc. # 21]

In a Report and Recommendation entered on September 21, 2007 [Doc. # 39] I recommended that the Defendants' first motion to dismiss the original complaint and to dismiss Grand Junction Bozarth as a Defendant be denied as moot. [Doc. # 4]

I consider herein the Defendants' motion to dismiss the second, third and fourth claims for relief of the First Amended Complaint and to dismiss Ed Bozarth Chevrolet Pontiac & Buick, Inc. (Grand Junction Bozarth) as a Defendant. [Doc. # 21]

## II. BACKGROUND

The First Amended Complaint alleges the following:

1. On or about July 2, 2004 Plaintiff Andrew B. Newman, who resides at 6695 West 84th Way, Unit 73, Arvada, Colorado, [*First Amended Complaint at* ¶ 1] purchased a new 2004 Chevrolet Cavalier from Ed Bozarth Chevrolet Company, Inc., 2001 South Havana Street, Aurora, Colorado. *First Amended Complaint* at ¶ 19.

2. J. Edward Bozarth directly controls the Ed Bozarth group of dealerships. Each dealership is its own incorporated company under the ownership and control of J. Edward Bozarth. J. Edward Bozarth. is listed as both the president and a director of each of the dealerships in Colorado. These dealerships include: Ed Bozarth Chevrolet Company, Inc.,

3

Aurora, Colorado and Ed Bozarth Chevrolet Pontiac & Buick, Inc., Grand Junction, Colorado. *Id*. at ¶ 13.

3. In connection with the sale to Mr. Newman, Ed Bozarth Chevrolet Company, Inc. (Aurora) charged and collected from Mr. Newman a standard "Delivery and Handling Fee" of $299.95. *Id*. at ¶ 20 and exhibit A to the *First Amended Complaint*.

4. The amount of the "Delivery and Handling Fee" is a predetermined standard amount and is pre-printed, non negotiable amount set forth on form documents commonly used by Defendants. *Id.* at ¶ 23.

5. This "Delivery and Handling Fee" is defined in the sale or lease documents as "representing costs and additional profit to the Seller/Dealer for items such as adjusting new and used vehicles and preparing documents related to the sale." *Id*. at ¶ 24.

6. The "Delivery and Handling Fee" is charged, in part, for the preparation of legal documents, including but not limited to Retail Buyers Order, Credit Sale Disclosures, Bills of Sale, Retail Installment Sales Contracts and Motor Vehicle Disclosures. *Id*. at ¶ 25.

7. Defendants are not licensed to practice lay (*sic*) in the State of Colorado. *Id*. at ¶ 27.

8. It is illegal for non-lawyers to charge a fee for preparing legal documents in the State of Colorado. *Id*. at ¶ 28.

9. Defendants do not inform customers that it is illegal for them to charge a fee for preparing legal documents. *Id*. at ¶ 29.

10. Defendants' internal explanation of the fee specifically states that the fee is for, at least in part, "preparing documents related to the sale." *Id.* at ¶ 46.

11. In Colorado, companies are allowed to fill in the blanks in legal documents necessary to effectuate the sale of goods or services. However, companies are not allowed to charge a fee for doing so. *Id*. at ¶ 47.

12. Charging a fee for preparing legal documents constitutes the unauthorized practice of law in Colorado, and is illegal. *Id*. at ¶ 48.

13. Plaintiff, in his second claim for relief, asserts that the $299.95 "Delivery and Handling Fee" charged by the Defendants is unconscionable, as it constitutes the unauthorized practice of law, and is illegal, thereby violating the Uniform Consumer Credit Code ("UCCC"), codified at C.R.S.§ 5-5-101 *et seq*. *Id*. at ¶¶ 51 and 52.

14. Plaintiff, in his third claim for relief, asserts that by charging a $299.95 fee for Delivery and Handling the Defendants have charged a fee for preparing legal documents, which constitutes the unauthorized practice of law in Colorado and is illegal, and that by charging consumers an illegal fee the Defendants have engaged in an unfair and deceptive trade practice in violation of the Colorado Consumer Protection Act, codified at C.R.S.§ 6-1-105 *et seq*. *Id.* at *¶¶59* - 61.

15. Plaintiff, in his fourth claim for relief, asserts that in Colorado a cause of action for money had and received lies where one person has received money or its equivalent under circumstances which in equity and good conscience ought not to be retained. Plaintiff asserts that Defendants received money for preparing legal documents which constitutes the unauthorized practice of law. Because Defendants are not licensed to practice law, the collection

5

of fees for preparing legal documents is illegal. Money collected illegally should not, in equity and good conscience, be retained by the Defendants. *Id*. at ¶¶ 65-66.

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1187 (10th Cir. 2003) (citations omitted). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984).

### IV. ANALYSIS

Plaintiff asserts that the Defendants (Ed Bozarth Chevrolet Company, Inc, and Ed Bozarth Chevrolet Pontiac & Buick, Inc.) charged Plaintiff and other similarly situated members of the Plaintiff Class an illegal fee for preparing legal documents necessary to effectuate the sale

of a motor vehicle and engaged in the unauthorized practice of law in connection with the purchase or lease of a motor vehicle. *Id.* at ¶ 3.

The Defendants seek dismissal of the second, third and fourth claims for relief on the grounds that the Plaintiff's premise, that the Defendant Aurora Bozarth, by filling out forms to which it is a party and charging a related Delivery and Handling Fee, commits the "unauthorized practice of law", is erroneous. Defendants seek dismissal of the second, third and fourth claims in their entirety. Defendants also seek dismissal of Grand Junction Bozarth on the grounds that the Plaintiff has failed to state a claim against Ed Bozarth Chevrolet Pontiac & Buick, Inc.(Grand Junction Bozarth) upon which relief can be granted.

### A. Motion to Dismiss the second, third and fourth claims for relief

The Defendants move to dismiss the second, third and fourth claims for relief on the grounds that the actions of the Defendants in charging a delivery and handling fee for preparing documents relating to the sale of automobiles do not constitute the unauthorized practice of law. Defendants assert that the Plaintiff has failed to state a claim for relief. Defendants argue that, accordingly, Plaintiff's second, third and fourth claims for relief must be dismissed.

The Defendants, in their motion to dismiss, rely on the cases of *Title Guaranty Company v. Denver Bar Association*, 312 P.2d 1011 (Colo. 1957) and *Conway-Bogue Realty Investment Company v. Denver Bar Association*, 312 P.2d 998 (Colo. 1957). In these two cases the Supreme Court dealt with the efforts of the Denver Bar Association and others to enjoin realty brokers (*Conway-Bogue*) and a title guaranty company and a record abstract and title insurance company (*Title Guaranty*) from preparing certain legal documents and giving advice to the

parties to such documents as to the legal effect thereof, which plaintiffs alleged constituted the unlawful practice of law.

The Colorado Supreme Court in the *Conway-Bogue* decision considered first whether certain acts performed by real estate brokers constituted the practice of law. The Court found that real estate brokers, in preparing "receipts and options, deeds, promissory notes, deeds of trust, mortgages, releases of encumbrances, leases, notice terminating tenancies, demands to pay rent or vacate by completing standard and approved printed forms, coupled with the giving of explanation or advice as to the legal effect thereof" were engaged in acts which constituted the practice of law. *Id*. at 1004-1005.

The second question, which the Supreme Court found more difficult to determine, was whether real estate brokers should be enjoined from performing such acts. This question the Supreme Court answered in the negative, finding that the real estate brokers were engaged in a lawful business of such importance to the state of Colorado that they should not be enjoined from preparing documents and explaining documents at the request of their customers, without charge other than the usual broker's commission and only in real estate transaction handled by them.
*Id*. at 1006.

In the *Title Guaranty* decision, in its analysis of whether a title guaranty company and a record abstract and title insurance company were engaged in the unlawful practice of law, the Supreme Court concluded that a corporation may prepare legal instruments to which it is a party without being guilty of unauthorized practice of law. *Id*. at 1014.

I determine from these cases that the Colorado Supreme Court recognized that certain acts performed by non lawyers can be considered the unlawful practice of law and that the unauthorized practice of law can be sanctioned.

In the matter before this court, the first question to be determined, in an analysis based on *Conway-Bogue* and *Title Guaranty*, is whether the Defendants engaged in activity which constituted the practice of law.

The Plaintiff alleges that by preparing legal documents necessary to effectuate the sale of a motor vehicle, which documents include but are not limited to retail buyers orders, credit sales disclosures, bills of sale, retail installment sales contracts and motor vehicle disclosures, the Defendants have engaged in acts which constitute the practice of law.

If the Defendants, as non lawyers, have engaged in acts which constitute the practice of law, the second question then to be determined is whether such actions are unauthorized and illegal? The Plaintiff alleges that by charging a fee that Defendants have engaged in the unauthorized practice of law.

Using the *Conway-Bogue* and *Title Guaranty* cases as the basis for analysis, a determination of whether the Defendants are performing acts which constitute the unauthorized practice of law may be had. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, *supra* at 236

The Plaintiff in the First Amended Complaint has asserted that the Defendants, non lawyers, have engaged in activity which constitutes the practice of law and that such activity, as practiced by the Defendants, is illegal.

In determining whether dismissal is proper the allegations of the complaint must be taken as true. If true, and if the Defendants have engaged in the unauthorized and illegal practice of law as alleged, relief may be granted. Allegations are present in the First Amended Complaint to establish liability through proof of the elements necessary to obtain relief.

I respectfully recommend that the motion to dismiss the second, third and fourth claims for relief be DENIED.

### B. Motion to dismiss Grand Junction Bozarth as a Defendant

The Defendants seek to dismiss Grand Junction Bozarth as a Defendant in this case. The Defendants assert that the Plaintiff does not allege a single transaction that occurred in Grand Junction, or identify a single individual who purchased or leased an automobile from Grand Junction Bozarth. Accordingly, Defendants assert that Plaintiff has failed to state a claim for relief against Grand Junction Bozarth. I agree.

The Plaintiff brings this class action against Ed Bozarth Chevrolet Company, Inc. of Aurora, Colorado and against Ed Bozarth Chevrolet Pontiac and Buick, Inc. of Grand Junction, Colorado.

The Plaintiff has alleged that each dealership is its own incorporated company under the ownership and control of J. Edward Bozarth. The Plaintiff asserts that upon information and belief Aurora Bozarth and Grand Junction Bozarth are owned and controlled by J. Edward

Bozarth, president and director of Ed Bozarth dealerships in Colorado and that Ed Bozarth auto dealerships are located in Aurora, Colorado and Grand Junction, Colorado. *First Amended Complaint* at ¶ 13.

Plaintiff alleges that he brings this action individually and in a representative capacity pursuant to Rule 23 of the Colorado Rules of Civil Procedure against Defendants Ed Bozarth Aurora and Ed Bozarth Grand Junction, on behalf of himself and all persons similarly situated who are citizens of Colorado and who purchased or leased a motor vehicle from any dealership owned or operated and/or controlled by J. Edward Bozarth in the state of Colorado.

The Plaintiff however has not brought a complaint against J. Edward Bozarth or against the "Ed Bozarth dealerships."

A court's function in evaluating a Rule 12 (b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 2A Moore's Federal Practice ¶ 12.07 at 12-91 (footnote omitted)).

As Defendants assert in their reply, the Plaintiff never alleges any relationship between the two separate entities, Ed Bozarth Aurora and Ed Bozarth Grand Junction, other than that they are both controlled by J. Edward Bozarth. Plaintiff never explains how that alleged relationship would entitle Plaintiff and members of the Plaintiff class to hold Aurora Bozarth liable for the actions of Grand Junction Bozarth. Plaintiff establishes no factual basis for Grand Junction

Bozarth's direct liability. Nor does Plaintiff establish how Grand Junction Bozarth could be vicariously liable for the alleged actions Aurora Bozarth has taken.

As the Defendants state, in Colorado, "(g)enerally, a duly formed corporation is treated as a separate legal entity, unique from its officers, directors, and shareholders." *In re Phillips*, 139 P.3d 639, 643 (Colo 2006). There are two Defendants in this case, each of which is a separate entity. One is located in Aurora.. The other is located in Grand Junction. One, in Aurora, is alleged to have sold a car to Plaintiff. The other, located in Grand Junction, is not alleged to have sold a car to the Plaintiff. Aurora Bozarth is alleged to have charged a delivery and handling fee in the sale of a vehicle to plaintiff. Grand Junction Bozarth is alleged neither to have sold a vehicle to plaintiff nor to have charged a delivery and handling fee.

As the Defendants state, the Plaintiff has alleged no transaction, no representative plaintiff and no basis for Grand Junction Bozarth to be in this case. Plaintiff has failed to state a claim against Grand Junction Bozarth and his claims against Grand Junction Bozarth should be dismissed for failure to state a claim. Fed.R.Civ.P.12(b)(6). I find the Plaintiff's arguments, both with regard to the juridical links doctrine and timing unpersuasive in this case. Because I recommend that the motion to dismiss Ed Bozarth Chevrolet Pontiac & Buick, Inc. (Grand Junction Bozarth) be granted on 12(b)(6) grounds, I do not consider the issue of standing raised by the Defendants.

I respectfully recommend that the Defendants' motion to dismiss Grand Junction Bozarth as a Defendant in this action be GRANTED.

## CONCLUSION

I respectfully RECOMMEND that the Defendants' motion to dismiss the second, third and fourth claims for relief be DENIED and the Defendants' motion to dismiss Grand Junction Bozarth as a Defendant in this action be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P.72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) and also waives appellate review of both factual and legal questions. *In re Key Energy Resources, Inc.* 230 F. 3d 1197, 1199-1200 (10th Circuit 2000). A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED this 4th day of October, 2007.

BY THE COURT:

s/ Gudrun J. Rice

Gudrun J. Rice
United States Magistrate Judge