IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-969-JLK**

**ANDREW R. NEWMAN**,

        Plaintiff,

v.

**ED BOZARTH CHEVROLET COMPANY, INC. and
ED BOZARTH CHEVROLET PONTIAC & BUICK, INC.**,

        Defendants.
_____

## ORDER ON MAGISTRATE JUDGE RECOMMENDATIONS
_____

Kane, J.

This matter is before me on two recommendations from Magistrate Judge Gudrun Rice: her September 21, 2007 Report and Recommendation (Doc. 39) that I deny as moot Defendants' Motion to Dismiss (Doc. 4) and her October 4, 2007 Recommendation (Doc. 40) that I deny in part and grant in part Defendants' Motion to Dismiss Second, Third and Fourth Claims of Amended Complaint, and to Dismiss Grand Junction Bozarth (Doc. 21). Under Rule 72(b), my review of these Recommendations is *de novo* as to any portion to which specific written objection was made, and I may accept, reject, or modify the Recommendation under that standard.

Defendants did not file objections to the Magistrate Judge's September 21 Report and Recommendation. Having examined the Recommendation, I agree with its conclusion that Defendants' original Motion to Dismiss has been rendered moot. I

therefore adopt the Magistrate Judge's September 21, 2007 Recommendation and deny Defendants' Motion to Dismiss (Doc. 4) as moot.

In the second Recommendation, the Magistrate Judge recommended that I deny Defendants' motion to dismiss the second, third and fourth claims for relief stated in Plaintiff's amended complaint but grant their motion to dismiss Defendant Grand Junction Bozarth. Defendants timely filed objections to the Magistrate Judge's recommendation to deny their motion to dismiss Plaintiff's second, third and fourth claims. Plaintiff did not object to the Magistrate Judge's recommendation that I dismiss Grand Junction Bozarth, and I adopt this portion of the Magistrate Judge's October 4 Recommendation.

I also adopt the Magistrate Judge's recommendation that I deny Defendants' motion to dismiss Plaintiff's second, third and fourth claims. All of these claims are founded on the premise that Defendants engaged in the unauthorized practice of law when they prepared legal documents related to the sale and financing of motor vehicles and charged Plaintiff and others a fee for this service. Defendants argue this premise is false because they were a party to all of the cited documents[1] and under Colorado law a corporation that prepares legal instruments to which it is a party is not engaging in the unauthorized practice of law. As a result, Defendants argue, Plaintiff's second, third and fourth claims fail to state a claim for which relief can be granted.

---

[1] Plaintiff did not dispute this factual assertion in his response to Defendants' motion.

The Colorado Supreme Court has on two occasions addressed when the preparation of legal instruments by non-lawyers constitutes the unauthorized practice of law. *See Conway-Bogue Realty Inv. Co. v. Denver Bar Ass'n*, 312 P.2d 998 (Colo. 1957); *Title Guar. Co. v. Denver Bar Ass'n*, 312 P.2d 1011 (Colo. 1957). In each case, the court reached its decision based on a careful review of the factual record, considering factors such as whether the accused party provided explanation or advice as to the legal effect of the documents it prepared, *see Conway-Bogue*, 312 P.2d at 1004-05, whether preparation of the legal instruments was necessary and essential to the accused party's business, *Conway-Bogue*, 312 P.2d at 1006; *Title Guar. Co. v. Denver Bar Ass'n*, 312 P.2d 1011, 1015 (Colo. 1957), whether the party charged a fee for preparing the legal instruments, *Conway-Bogue*, 312 P.2d at 1006, 1009; *Title Guar.*, 312 P.2d at 1013-14, whether the public interest would be served by enjoining the allegedly unauthorized practice, *Conway-Bogue*, 312 P.2d at 1007-10, and whether the party was preparing instruments to which it was a party, and, if so, whether it was acting for its own use and benefit in doing so rather than for or on behalf of others, *Title Guar.*, 312 P.2d at 1014. The Colorado Supreme Court has further declared that there is "no wholly satisfactory" or "all-inclusive" definition as to what constitutes the unauthorized practice of law, and commented that application of any attempted definition to a set of facts is difficult. *Denver Bar Ass'n v. Public Utils. Comm'n*, 391 P.2d 467, 471 (Colo. 1964).

Based on this authority, I am not persuaded that the simple legal rule advanced by Defendants, that a non-lawyer may always prepare legal instruments to which it is a party

without engaging in the unauthorized practice of law, is valid. The outcome in this and other cases will depend on consideration of all relevant facts, as described in the cited Colorado cases and other pertinent authority. These factors include, but are not limited to, whether the remaining defendant, Aurora Bozarth, counseled or advised Plaintiff regarding the legal effect of the documents it prepared and whether it acted for the benefit of others, such as institutions that finance the consumer's motor vehicle purchase, in preparing the legal documents necessary to the sale and financing of the vehicle. That Aurora Bozarth allegedly charged a separate fee for preparation of legal documents is also a relevant factor, but again may not be determinative when the totality of relevant circumstances is considered.

My role in reviewing Defendants' motion to dismiss "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1187 (10th Cir. 2003) (quotation omitted). I may not grant a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* In reviewing the Complaint, I must accept all well-pleaded allegations as true and view them in the light most favorable to Plaintiff. *Sutton v. Utah Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Plaintiff has alleged here that Defendants' preparation of legal documents for a fee in connection with the sale and financing of motor vehicles constitutes the unauthorized

4

practice of law. Applying the proper standard of review and applicable Colorado law as described above, I find these allegations sufficient to entitle Plaintiff to offer evidence to support his claims.

For the reasons stated above:

1. I ADOPT the Magistrate Judge's September 21, 2007 Recommendation as an order of the court and DENY Defendants' Motion to Dismiss (Doc. 4) as moot; and

2. I ADOPT the Magistrate Judge's October 4, 2007 Recommendation and DENY in part and GRANT in part Defendants' Motion to Dismiss (Doc. 21) as follows: Defendants' motion to dismiss the second, third and fourth claims of the Amended Complaint is DENIED, but their request to dismiss Defendant Grand Junction Bozarth from this action is GRANTED.

Dated this 4th day of December, 2007.

                                            s/John L. Kane
                                            John L. Kane
                                            Senior District Court Judge