IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Civil Action No. 07-cv-00969-JLK-GJR

ANDREW R. NEWMAN,

    Plaintiff,

v.

ED BOZARTH CHEVROLET COMPANY, INC.,

    Defendant.

---

ORDER DENYING PLAINTIFF'S MOTION TO STAY OR VACATE HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNTIL AFTER A FINAL DECISION ON CLASS CERTIFICATION (DOCKET # 121) AND SETTING THIS MATTER FOR HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Pending before me are Defendant's Motion for Summary Judgment (Docket # 84), Defendant's Motion for Class Certification (Docket # 104), Amended Motion for Class Certification (To Correct Typographical Errors) (Docket # 107) and Plaintiff's Motion to Stay or Vacate Hearing on Defendant's Motion for Summary Judgment Until After a Final Decision on Class Certification (Docket #121).

I consider and **DENY** Plaintiff's Motion to Stay or Vacate Hearing on Defendant's Motion for Summary Judgment Until After a Final Decision on Class Certification and set this matter for hearing on Defendant's Motion for Summary Judgment.

Plaintiff has brought four causes of action arising out of payment by Plaintiff to Defendant Ed Bozarth Chevrolet Company, Inc. of a delivery and handling fee in the amount of $299.95 when Plaintiff purchased a car from Defendant in July 2004.

Plaintiff, a resident of the state of Colorado, brings this action individually and in a representative capacity pursuant to Rule 23 of the Colorado Rules of Civil Procedure, on behalf of himself and all other persons who are similarly situated who are citizens of the state of Colorado and who purchased a motor vehicle from Defendant Ed Bozarth Chevrolet Company in Aurora, Colorado. (See First Amended Complaint at ¶ 4, Docket # 60)   [The second original Defendant, Ed Bozarth Chevrolet Pontiac & Buick, Inc. of Grand Junction, Colorado, has been dismissed as a party. (Docket # 52).  All references hereafter are to the single remaining Defendant, Ed Bozarth Chevrolet  Company, Inc.]

Plaintiff alleges that Defendant violated the Uniform Consumer Credit Code, codified at C.R.S. §§ 5-5-101 *et seq.,*  the Colorado Consumer Protection Act, codified at C.R.S. §§6-1-105 *et seq.* and Colorado common law "for money had and received." (See First Amended Complaint at ¶ 4, Docket # 60)

Plaintiff's first claim for relief alleges that Defendant violated the Colorado Uniform Consumer Credit Code by failing to make disclosures required by the United States Truth in Lending Act.

Consequently, Defendant filed a Notice of Removal from Mesa County District Court to the United States District Court on account of the federal question, asserting that whether Defendant violated the Truth in Lending Act is a contested and substantial federal issue which involves a serious federal interest for which the advantages of a federal forum should be available, relying on *Nicodemus v Union Pac. Corp*, 440 F. 3d 1227, 1232 (10th Cir. 2006) (Docket # 1)

This Court has supplemental jurisdiction over Plaintiff's second, third and fourth claims alleging an additional violation of the Colorado Uniform Consumer Credit Code, violation of the Colorado Consumer Protection Act and a claim for "money had and received" pursuant to 28 U.S.C. § 1367.

Defendant has filed a motion for summary judgment (Docket # 84). Hearing has not been held on Defendant's Motion. Defendant asserts (Docket # 85, at page 1) that Plaintiff's first claim is time barred under C.R.S. § 5-5-202(5). Section 5-5-202(5) of Colorado Revised Statutes states that no action pursuant to this section may be brought more than one year after the date of the occurrence of the violation.

In Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket # 106) Plaintiff concedes that his first cause of action is time barred. (Docket # 106 at pages 7 and 8). "**Accordingly, Plaintiff voluntarily dismisses his first cause of action under the UCCC related to Defendant's not charging of the Delivery and Handling Fee in cash transaction.**" (emphasis added) Plaintiff adds in footnote # 1 that "(p)laintiff will file an Amended Complaint should the court deem such appropriate for clarifying the record prior to trial rather than entering merely and (*sic*) order on Summary Judgment." (Docket # 106 at page 8)

I therefore set this matter for hearing on Defendant's Motion for Summary Judgment. I will consider at hearing whether Plaintiff's confession that his first claim is time barred and his voluntary dismissal of his first cause of action deprives this court of jurisdiction to hear the remaining causes of action, which raise no federal question.

I set Defendant's Motion for Summary Judgment for hearing on **December 5, 2008 at 1:30 PM in Grand Junction, Colorado**. The parties are each requested to submit a single supplemental brief on the issue of continuing federal jurisdiction by no later than **December 1, 2008.**

Dated this 20th day of October, 2008.

BY THE COURT:

s/ Gudrun J. Rice

_____
Gudrun J. Rice
United States Magistrate Judge