# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00969-PAB-GJR

ANDREW R. NEWMAN,

    Plaintiff,

v.

ED BOZARTH CHEVROLET COMPANY, INC.,

    Defendant.

---

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
---

    This matter is before me on the Defendant, Ed Bozarth Chevrolet Company, Inc's ("Bozarth") motion for summary judgment, filed pursuant to Rule 56, Fed. R. Civ. P. Counsel for Bozarth and the Plaintiff, Andrew Newman ("Newman"), presented arguments on the motion at a hearing held on December 5, 2008. During the hearing, Newman's counsel agreed to withdraw voluntarily Plaintiff's First Claim for Relief alleging a violation of the federal Truth in Lending Act. At the close of the hearing, I recommended that Plaintiff's First Claim for Relief be dismissed with prejudice and Bozarth be granted leave to seek an award of attorney's fees.

    I also decided to exercise supplemental jurisdiction, as authorized by 28 U.S.C. § 1367, over the remaining Second, Third and Fourth Claims for Relief. Thus, the December 5 hearing focused on whether summary judgment should be granted on Newman's Second, Third and Fourth Claims for Relief, all of which are based on the allegation that Bozarth engaged in the unauthorized practice of law when Newman purchased a vehicle from Bozarth in July 2004.

I have reviewed the briefs and considered the arguments of counsel. For the reasons set forth below, I recommend that Bozarths's motion for summary judgment be granted in favor of Bozarth on Newman's Second, Third and Fourth Claims for Relief, and that the claims, and this action, be dismissed with prejudice.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." Id.

The Supreme Court has held that the party seeking summary judgment need not adduce evidence demonstrating the lack of a material trial worthy issue. Further the Court announced:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential that that party's case, and on which that party will bear the burden of proof at trial . . . We find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## II. ANALYSIS AND CONCLUSIONS

During the hearing on Bozarth's motion for summary judgment, I identified the following issues for counsel to address in their arguments: 1) whether or not Bozarth by preparing documents related to the sale of a vehicle to Newman engaged in the unauthorized practice of law; and 2) whether charging a delivery and handling fee, which includes a fee for preparation of documents related to the sale, is illegal. I also advised counsel that in considering their arguments as to whether Bozarth engaged in the unauthorized practice of law, I would rely upon the Colorado Supreme Court's decision in *Denver Bar Ass'n v. Public Utils Comm'n,* 391 P.2d 467, 471 (Colo. 1964) ("Public Utilities"), a decision Judge Kane cited in his order affirming my prior recommendations on Defendant's Motion to Dismiss.

In *Public Utilities,* the Court noted that whether a person "is practicing law depends upon the circumstances of the particular case," and that "[t]he character of the act done . . . is the factor which is decisive of whether it constitutes the practice of law." *Public Utilities*, 391 P.2d at 470. Then, after recognizing that "it is not easy to give an all-inclusive definition," the Court identified a general test for identifying the practice of law: ***"[g]enerally one who acts in a representative capacity in protecting, enforcing, or defending the legal rights and duties of another and in counseling, advising and assisting him in connection with these rights and duties is engaged in the practice of law."*** *Id.* at 471 (emphasis added). The Court also recognized various activities that do, and **do not**, constitute the practice of law. "Among the more common" of the non-legal activities is "[t]he completion of forms which do not require any knowledge and skill beyond that possessed by the ordinarily experienced and intelligent layman." *Id.* at 472. Applying the standards outlined in *Public Utilities* to the facts of this case,

I find that Bozarth did not engage in the unauthorized practice of law when it prepared documents attendant to the sale of the vehicle purchased by Newman.

Newman has presented no facts to indicate that Bozarth acted in a representative capacity in "protecting, enforcing, or defending the legal rights and duties of another and in counseling, advising and assisting Newman in connection with these rights and duties . . . ." *Id.* at 471. I find that although Bozarth may have completed forms that are "legal documents" – the completion of such documents did not require any knowledge or skill beyond that possessed by the ordinary lay person. Thus, when Bozarth's salesperson "Cookie" completed the documents pertaining to the sale of the vehicle to Newman, she did not engage in the unauthorized practice of law.

I also find that the mere charging of a delivery and handling fee is not determinative of whether Bozarth engaged in the unauthorized practice of law. It is undisputed that Bozarth charged Newman a delivery and handling fee. It is also undisputed that Bozarth disclosed to Newman that the delivery and handling fee was "profit" to Bozarth and was allocated to, among other things, preparation of documents as well as preparation and cleaning of vehicles. Moreover, Newman agrees that the delivery and handling fee in and of itself is not illegal. Because Bozarth did not engage in the unauthorized practice of law when it prepared documents related to the sale of the vehicle, the mere charging of a fee by Bozarth to prepare the documents did not transform the preparation of the documents into the practice of law or consequently the unauthorized practice of law.

### III. RECOMMENDATIONS AND ORDER

For the reasons stated above, I make the following recommendations:

1) Plaintiff's First Claim for Relief alleging a violation of the federal Truth in Lending Act be dismissed with prejudice and that Bozarth be granted leave to seek an award of its attorney's fees;

2) Summary judgment should enter in favor of Bozarth on Plaintiff's Second, Third and Fourth Claims for Relief;

3) As the prevailing party, Bozarth should be granted leave to seek an award of its costs pursuant to Rule 54 (d), Fed. R. Civ. P.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed. R. Civ. P., the parties have ten (10) days after the service of this recommendation to serve and file specific written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge. Rule 72(b), Fed. R. Civ. P.; *Thomas v. Arn,* 474 U.S. 140, 147-148 (1985) and also waives appellate review of both factual and legal questions. *In re Key Energy Resources, Inc.,* 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED this 5th day of January, 2009.

BY THE COURT:

s/Gudrun J. Rice
_____
Gudrun J. Rice
United States Magistrate Judge