IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00969-PAB-LTM

ANDREW B. NEWMAN,

    Plaintiff,

v.

ED BOZARTH CHEVROLET COMPANY, INC.,

    Defendant.
_____

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 150] recommending that defendant's motion for summary judgment [Docket No. 84] be granted and the case dismissed. On January 15, 2009, plaintiff filed timely objections [Docket No. 151] to the Recommendation. Defendant has filed a response [Docket No. 152]. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed.R.Civ.P. 72(b).

The magistrate judge narrowed the issues on summary judgment to two: 1) whether or not defendant, by preparing documents related to the sale of a vehicle to Newman, engaged in the unauthorized practice of law; and 2) whether charging a

delivery and handling fee, which includes a fee for preparation of documents related to the sale, is illegal. Report & Recommendation of United States Magistrate Judge [Docket No. 150] at 3. Plaintiff states that the issues were "fairly stated" but contends that the Recommendation is otherwise contrary to binding state law. *See* Pl.'s Objections to Report & Recommendation of United States Magistrate Dated January 5, 2009 ("Objection") at 2. Specifically, plaintiff believes that two Colorado Supreme Court cases, which the magistrate judge did not specifically address, command a different result.

Plaintiff argues that the rulings in *Conway Bogue Realty Investment Co. v. Denver Bar Ass'n*, 312 P.2d 998 (Colo. 1957), and *Title Guaranty Co. v. Denver Bar Ass'n*, 312 P.2d 1011 (Colo. 1957), demonstrate the illegality of defendant's practice of charging its customers a delivery and handling fee which included some document preparation.

Plaintiff also argues that a third Colorado Supreme Court case, *Denver Bar Ass'n v. Public Utilities Commission*, 391 P.2d 467 (Colo. 1964), is distinguishable in a significant way and, therefore, should not have been relied upon by the magistrate judge. Having reviewed the briefing surrounding the motion and the objection, the Recommendation, and the relevant case law I disagree with plaintiff. Moreover, because I determine that the magistrate judge arrived at the correct result, I accept her Recommendation and grant defendant's motion for summary judgment.

Plaintiff's objections run along two lines. First, he challenges the standard adopted by the magistrate judge for determining what constitutes "the unauthorized practice of law." *See* Objection at 2-10, 13-16. Second, he argues that, somewhat irrespective of whether defendant engaged in the unauthorized practice of law, the fee defendant charged is illegal and unenforceable as contrary to public policy. *See* Objection at 10-13.

As for the first issue – the proper standard for determining what constitutes the unauthorized practice of law – I disagree with plaintiff's characterization of the magistrate judge's Recommendation as setting forth a new standard. As Judge Kane noted previously in this very case, "[t]he Colorado Supreme Court has . . . declared that there is 'no wholly satisfactory' or 'all-inclusive' definition as to what constitutes the unauthorized practice of law, and commented that application of any attempted definition to a set of facts is difficult." *Newman v. Ed Bozarth Chevrolet Co., Inc.*, No. 07-cv-00969, 2007 WL 4287478, at *1 (D. Colo. Dec. 04, 2007) (citing *Denver Bar Ass'n v. Public Utils. Comm'n*, 391 P.2d 467, 471 (Colo. 1964)). Judge Kane also listed the factors which the Colorado Supreme Court has considered in making this fact-specific determination:

> whether the accused party provided explanation or advice as to the legal effect of the documents it prepared, whether preparation of the legal instruments was necessary and essential to the accused party's business, whether the party charged a fee for preparing the legal instruments, whether the public interest would be served by enjoining the allegedly unauthorized practice, and whether the party was preparing instruments to

3

> which it was a party, and, if so, whether it was acting for its own use and benefit in doing so rather than for or on behalf of others.

*Newman*, 2007 WL 4287478, at *1 (citing *Conway Bogue Realty Investment Co. v. Denver Bar Ass'n*, 312 P.2d 998 (Colo. 1957), and *Title Guaranty Co. v. Denver Bar Ass'n*, 312 P.2d 1011 (Colo. 1957)) (internal citations omitted). Under this analysis, the magistrate judge was correct that plaintiff's claims alleging that defendant engaged in the unauthorized practice of law fail as a matter of law.

Plaintiff's second basis for objecting to the magistrate judge's Recommendation fares no better. Although plaintiff contends that this ground for objecting to the Recommendation exists irrespective of the unauthorized practice of law question, *see* Objection at 10, plaintiff persists in raising unauthorized practice issue in this purportedly independent argument. *See* Objection at 11-12. Regardless of the supposed basis for this objection, plaintiff remains unable to raise a genuine issue for trial. Because there is no basis for concluding that the delivery and handling fee charged by defendant is illegal or contrary to public policy, the Court concludes that no reasonable jury could find that the fee is, as plaintiff contends, "unfair and deceptive, unconscionable or otherwise illegal based on public policy." Objection at 13. As a result, defendant is entitled to summary judgment. *Cf. Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) ("Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. A disputed fact is 'material' if it might affect the outcome of the suit under the

governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (internal citations, quotation marks, and omission marks omitted)).

As a result, it is

**ORDERED** that the Report & Recommendation of United States Magistrate Judge [Docket No. 150] is ACCEPTED.  It is further

**ORDERED** that plaintiff's First Claim for Relief alleging a violation of the federal Truth in Lending Act is DISMISSED with prejudice and that defendant Ed Bozarth Chevrolet Company, Inc. is granted leave to seek an award of its attorney's fees in relation to this claim.  It is further

**ORDERED** that defendant Ed Bozarth Chevrolet Company, Inc.'s motion for summary judgment [Docket No. 84] is GRANTED and the case is dismissed with prejudice in its entirety.  Judgment shall enter in favor of defendant Ed Bozarth Chevrolet Company, Inc. and against plaintiff Andrew Newman on plaintiff's Second, Third, and Fourth claims for relief.  Defendant Ed Bozarth Chevrolet Company, Inc. may have its costs by filing a bill of costs within fourteen days of the date of this order.  It is further

**ORDERED** that plaintiff's motion for class certification [Docket No. 104] and amended motion for class certification [Docket No. 107] are DENIED as moot.

DATED March 3, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge